UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RAHEL A. DEMISSIE,

        *Plaintiff*,

v.

STARBUCKS CORPORATE OFFICE
AND HEADQUARTERS,

        *Defendant.*

Civil Action No. 13-2002 (ESH)

## MEMORANDUM OPINION AND ORDER

Rahel Demissie, an Ethiopian-born plaintiff proceeding *pro se*, has sued Starbucks Corporate Office and Headquarters ("Starbucks"), alleging that the company violated Title VII by failing to "equally apply [its] rules and regulations" regarding pay raises and work scheduling "to all employees based on race, gender or national origin" and by retaliating against her for "report[ing] the situation" to human resources. (Compl., Nov. 4, 2013 [Dkt. No. 1] at 3.) Before the Court is defendant's partial motion to dismiss plaintiff's complaint for failure to exhaust administrative remedies. (Mot. to Dismiss ("Mot."), Jan. 13, 2014 [Dkt. No. 4] at 6-7.)[1] For the foregoing reasons, the Court will grant defendant's partial motion to dismiss.

---

[1] Defendant initially moved to dismiss the entire complaint as untimely filed. (*See* Mot. at 5-6.) However, in its reply brief, defendant stipulated it would "withdraw its contention that plaintiff's claim is untimely" to the extent that the "delay in filing [her] Complaint solely was due to plaintiff's pending *in forma pauperis* application." (Reply in Support of Mot. to Dismiss Pl.'s Compl., Feb. 21, 2014 [Dkt. No. 11] at 4.) Because plaintiff submitted her complaint to the Court within the ninety-day statutory limit, *see* 42 U.S.C. § 2000e-5(f)(1), and the "filing" date for her complaint was delayed only because of the Court's consideration of her concurrent *in forma pauperis* application, plaintiff's complaint was timely filed. *See Ruiz v. Vilsack*, 763 F. Supp. 2d 168, 172 (D.D.C. 2011) (tolling the ninety-day Title VII statute of limitations during a court's review of a related *in forma pauperis* application).

1

Plaintiff began working at Starbucks in January of 2010. (Compl. at 1.) Under company policy, Starbucks employees are periodically eligible for pay increases based on regular performance evaluations. (*Id.* at 2.) Plaintiff alleges that she and other foreign-born employees who work with her in the same Starbucks store have not been evaluated by store managers for pay increases. (*Id.*) In that time period, plaintiff alleges that other employees were given automatic performance evaluations and pay increases. (*Id.*)

Plaintiff raised the issue of performance reviews with the Starbucks district manager, but received no relief. (*Id.*) Plaintiff subsequently raised the issue to a human resources officer, who informed plaintiff's direct manager and new district manager about her complaint. (*Id.* at 2-3.) Plaintiff alleges that she was subsequently retaliated against when she was informed that she and her sister could not work at the same Starbucks store and when management reduced her hours beginning on September 17, 2012. (*Id.* at 3.)

On November 14, 2012, plaintiff filed a charge of discrimination with the D.C. Office of Human Rights and the U.S. Equal Employment Opportunity Commission ("EEOC"). (Charge of Discrimination, Nov. 14, 2012 [Dkt. No. 4-1] at 1.) In that charge, plaintiff alleged she had been "discriminated against based on [her] National Origin (Ethiopian)" when her manager failed to give her performance evaluations and raises and informed her that she and her sister could no longer work at the same Starbucks store. (*Id.*) She also claimed that she "believed that [she] had been retaliated against." (*Id.*) On August 15, 2013, the EEOC dismissed plaintiff's charge and notified plaintiff of her right to sue under Title VII. (*See* Dismissal and Notice of Rights, Aug. 15, 2013 [Dkt. No. 4-3] at 1.)

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556

U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In ruling on a motion to dismiss, the Court may consider not only the facts alleged in the complaint, but also documents attached to or incorporated by reference in the complaint and documents attached to a motion to dismiss for which no party contests authenticity. *See U.S. ex rel. Folliard v. CDW Tech. Servs., Inc.*, 722 F. Supp. 2d 20, 24 (D.D.C. 2010).

Plaintiffs bringing claims pursuant to Title VII must first exhaust their administrative remedies. *See Park v. Howard Univ.*, 71 F.3d 904, 907 (D.C. Cir. 1995). "The filing of an administrative charge with the EEOC is a jurisdictional prerequisite to maintaining a Title VII action in federal district court." *Wiley v. Johnson*, 436 F. Supp. 2d 91, 95 (D.D.C. 2006). Even after filing a charge with the EEOC, an employee may not bring a civil action for employment discrimination unless she has first received a notice of "final action" taken by the commission. *See* 42 U.S.C. § 2000e–16(c); *Williams v. Dodaro*, 576 F. Supp. 2d 72, 82 (D.D.C.2008). Moreover, any lawsuit subsequent to such "final action" is limited to claims that are "like or reasonably related to the allegations of the charge and growing out of such allegations," such that the employer may have fair notice of the claims against it. *Park*, 71 F.3d at 907. Although the rules of exhaustion "should not be construed to place a heavy, technical burden" on plaintiff, *Fennell v. AARP*, 770 F. Supp. 2d 118, 126 (D.D.C.2011) (internal quotation marks omitted), a failure to exhaust administrative remedies "will ordinarily bar a judicial remedy." *Bowe-Connor v. Shinseki*, 923 F. Supp. 2d 1, 5 (D.D.C. 2013).

Several of plaintiff's claims fail for lack of administrative exhaustion. First, because plaintiff only alleged discrimination on the basis of national origin in her EEOC charge, she has failed to exhaust her current claims of discrimination on the basis of race and gender. Accordingly, plaintiff's gender- and race-based discrimination claims will be dismissed. *See,*

3

*e.g.*, *Nyunt v. Tomlinson*, 543 F. Supp. 2d 25, 35 (D.D.C. 2008) (dismissing racial discrimination claim on exhaustion grounds because complainant only made a claim of national origin discrimination in administrative complaint).

Similarly, plaintiff failed to exhaust her claim that defendant retaliated against her by reducing her hours. "[R]etaliation claims that occurred prior to the filing of a claim must be administratively exhausted." *Ndondji v. InterPark Inc.*, 768 F. Supp. 2d 263, 278 (D.D.C. 2011) (collecting cases). In this case, even though plaintiff's alleged reduction in hours began nearly a month before she filed her EEOC charge, she did not mention the reduction in the charge, nor did she amend the charge to allege a retaliatory reduction in hours. *See Carson v. Sim*, 778 F. Supp. 2d 85, 92-93 (D.D.C. 2011) (dismissing unexhausted claims where plaintiff provided no evidence he attempted to exhaust administrative remedies). Indeed, plaintiff's only retaliation claim before the EEOC was that her manager had informed her that she and her sister could not work at the same Starbucks store. (*See* Charge of Discrimination at 1.) Plaintiff's alleged reduction in hours is not reasonably related to plaintiff's claims before the EEOC such that it would fall within the scope of "the administrative investigation that can reasonably be expected to follow" plaintiff's EEOC charge. *See Park*, 71 F.3d at 907 (internal quotation marks omitted); *see also Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114 (2002) (holding that "[e]ach incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable 'unlawful employment practice'" for which an administrative charge must be filed). Accordingly, the Court will dismiss plaintiff's retaliation claim based on a reduction in hours. *See Rattigan v. Gonzales*, 503 F. Supp. 2d 56, 68-69 (D.D.C. 2007).[2]

---

[2] In her opposition to defendant's motion to dismiss, plaintiff alleges several additional retaliatory acts, including that defendant required her to lift heavy items and placed her on an undetermined leave of

In sum, the Court will dismiss plaintiff's claims of race and gender discrimination and retaliation relating to the reduction in hours on the grounds of failure to exhaust. As a result, the case moving forward will be limited to plaintiff's allegations that defendant (1) discriminated against plaintiff on the basis of her national origin by failing to give her regular performance reviews and pay increases, and (2) retaliated against plaintiff by informing her that she and her sister could no longer work at the same Starbucks store.

For these foregoing reasons, it is hereby

**ORDERED** that defendant's motion to dismiss plaintiff's complaint as untimely filed is **WITHDRAWN**; it is further

**ORDERED** that defendant's partial motion to dismiss on exhaustion grounds is **GRANTED**; it is further

**ORDERED** that plaintiff's claims of race- and gender-based discrimination and retaliation based on a reduction in hours are **DISMISSED WITH PREJUDICE**; it is further

**ORDERED** that an initial scheduling conference is set for March 19, 2014 at 9:30 a.m. in Courtroom 23A.

/s/
ELLEN SEGAL HUVELLE
United States District Judge

Date: February 25, 2014

---

absence beginning in September 28, 2013. (Opp'n to Def.'s Mot. of Dismissal, Feb. 10, 2014 [Dkt. No. 8] at 5.) The Court will not consider these allegations, as they were not alleged in plaintiff's November 4, 2013 complaint. *King v. Triser Salons, LLC,* 815 F.Supp.2d 328, 332 (D.D.C. 2011) ("Although plaintiff's opposition to the motion to dismiss proffers additional facts, the Court may only consider the facts set forth in the complaint when evaluating a motion to dismiss.").